United States
v.
Cortez Weaver

FILED ___ ENTERED
LOGGED ___ RECEIVED
JUN 2 3 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

Criminal No. 19-Cr-00144-RDB
Maryland District (Baltimore)
"Honorable" Jugde R. Bennett

## Memorandum in Support of Motion To Vacate, Set aside, or Correct the Sentence Pursuant to 28 U.S.C § 2255

Now Comes Defendant - Movant Cortez Weaver, Pro se. and submits the following memorandum in support of his motion pursuant to 28 U.S.C. 2255. This memorandum includes and incorporates by reference the section 2255 model form as well as the information contained and incorporated by reference therein.

1) Petitiner Cortez Weaver, respectfully submits this memorandum of law in support of his 2255 motion Petitiner request that this court also permit a late notice of appeal be filed. Mr. Weaver, Just finding out for first time in over a year that after requesting that his prior counsel right after sentencing hearing and before deadline of the 14 days to file the notice of appeal. (see attached affidavit) counsel failed to do so.

### STATEMENT OF FACTS

On March 7, 2019 Mr. Weaver was indicted on count (1) Conspiracy to sell 1 brick or more of Herion, Count (2) Conspiracy to commit Hobbs act Robbery, On or about a week later supersueding indictment for 924(c) In Relation to a crime of violence, On or about 8-28-19 the government filed Supersueding indictment 924(J) Drug traffic resulting in death.

(1)

# Issue Presented

1) Whether Counsel was ineffective for not filing Notice of Appeal?

   Mr. Weaver Answered Yes

2) Whether Counsel was ineffective for Not Challange Jurisdiction of the court?

   Mr. Weaver Answered Yes

3) Whether Counsel was ineffective for not property objecting to P.R.S. and failing to notify the court that prison staff cut off video sentencing.

4) An Evidentiary Hearing is necessary and would be useful to the court.

(2) During the sentencing Proceeding, serious questions of validity of Mr. Weaver's plea were evident by his comments and answers during the sentencing Proceeding, before the Prison staff "cut" Mr. Weaver off from the video.

Mr. Weaver, was "cut" off the video during a critical stage of his sentencing Proceeding. Mr. Weaver request a correction and reduction of his sentence. In the alternative, an evidentiary hearing on all disputed issues of Facts and respectfully reserves the right to amend this matter.

## Preliminary Statement

(3) On November 2018, the government informant Shawnie allegedly recorded Mr. Weaver on a wire making incriminated statements about a murder. The evidence becomes even more critical as Mr. Weaver, Prior to his Plea, repeatedly indicated to his Prior Counsel's that he had "nothing to do with the killing of Mr. Pinney".

(4) The killing of Mr. Pinney was used as the enhancement to raise the base offense level to 41. However, Mr. Weaver was never charged nor convicted of such a murder. The government created a false charge to trick Mr. Weaver into a plea agreement with jurdistion to do so. Using false information to enhance the sentence of the defendant, was a violation of Weaver's constitutional rights.

(3)

The government main piece of evidence was an alleged recorded wire wherein the government claims Weaver said he "shot Mr. Pinnely in the back of the head". The government relied on this allege statement by Mr. Weaver to charge him under 924(J). Evidence of the allege recorded wire from a government informant during the investigation of a Hobbs Act Conspiracy Robbery, had nothing to do with the allege murder of Mr. Pinnely. Of course, there was no real reason to believe such evidence, and it should have been challenged and fought by prior counsel, expecially in light of Weaver's repeated protestations of innocence to his prior attorneys. This is defendant's first § 2255 motion. Mr. Weaver seeks either vacate the sentence, set aside the sentence, or preferably to correct the 924(J) sentence with a reduction, and to be sentence without the 924(J).

(5) In this motion, Petitioner contends that, as a result of ineffective assistance of prior counsel's he was coerced, pressured and did not understand the nature of his 924(J) plea and sentence. There was a clear failure to review the evidence in this case. There were many opportunities to negotiate a better plea. There was little risk in preparing and moving the case forward towards a trial in light of the plea he took. Mr. Weaver could have went to trail on the Hobbs Act conspricy and 924(c) counts and would have had his 924(c) conviction vacated in light of United States v. Davis 131 S.Ct 2319, 2323-35, 2336 (2019). This would have precisely been Mr. Weaver's challenge here. He would have alleged that after Davis, the "crime of violence" supporting his § 924(c) and 924(J) conviction is not, as a matter of law a "crime of violence" supporting his conviction. Therefore, the ground he would alleges is Jurisdictional.

(4)

Such as the case here Davis hold the residual clause in § 924(c)(3)(B) to be unconstitutionally vague. And, "[a]s Davis reaffirmed a vague law is no law at all". United States v. Reece, 938 F.3d 630, 634 N.3 (5th Cir 2019)(citing Davis, 139 S.Ct. at 2323). Accordingly, [I]f [a defendant's convictions were based on the definition of [crime of violence] articulated in 924(c)(3)(B), then he would be actually innocent of these charges under Davis. And, Because Mr. Weaver's convictions in Counts 2s of superseding Indictment were based on the unconstitutinally vague residual clause, he would be actually innocent of this count.

Furthermore, he tried to explain to his prior attorney's, and anyone else that would listen that he did not participate in this murder Murder in any way! That he had nothing to do with the killing of Mr. Finney. Mr. Weaver assert that he had no prior agreement, did not give his consent, or conspire in any way in such an act by other people. If there had been no 924(J) plea agreement, Mr. Weaver's 924(c) conviction would have been vacated in light of Davis. Therefore, instead of a 30 years plea agreement, Mr. Weaver would only be convicted on Hobbs Act Conspiracy Count.

(6) Prior Counsel should have attacked this without any investigation, adequate and substantial advice, exploration of potential trial defenses, and more importantly without negotiation on the plea agreement.

Mr. Weaver, was pushed into a coercive situation. Even being told by prior counsel on one accasion, "You know you're Guilty" Just Sign the plea agreement. And on a second accasion, "Don't get me killed".

(5)

At the very least, this type of suspect evidence from a government informant should have been used to negotiate a lower plea then 30 years, and a challenge on jurisdiction on the 924(j) count.

Thus, the plea agreement should have been significantly less if such negotiations failed then there was nothing to lose by forcing the prosecution towards trail, leave them to prove the enhancement at trial, through an allegation of conspiracy. Of course, the prosecution's evidence was never put to the test of cross-examination and trial when Mr. Weaver Pled guilty.

The "other person" in a Conspiracy cannot be a government agent. If the other person is a government agent, the jury should be instructed that there cannot be a Conspiracy.
(Referred to as the "Sears Rule")
See 9th cir Jury Instr. § 8.26 see also Sears v. United States, 343 F3d 139, 142 (5th cir 1965) (even for district court to refuse to instruct that there can be no conspiracy where other conspirators was government agents/Informants) United States v. Pernell, 737 F2d 521, 536 (6th Cir 1984) (same); (United States v. Montgomery, 150 F3d 983, 995-96 (9th cir 1998) (District Court's Failure to give Sears instruction sua sponte was not plain error) United States v. Lewis, 53 F3d 29, 35 (4cir 1995) case reversed where court failed to instruct the jury that conspiring with government agent alone required an acquittal.

## Plea Agreement:

(7) There was a plea agreement in this case on 2/27/2020, Pursuant to Rule 11(c)(1)(C), wherein the parties agreed to a 360 months imprisonment and five years supervised release. The plea agreement seemed to be helpful and a potential guarantee of a reduction off the guidelines range for Mr. Weaver. However, it was nothing of the sort. The appearance of a beneficial plea was illusion created by the government and ineffective assistance of counsels.

Without properly reading the plea agreement, without prior counsel properly explaining the true nature of the charge in the plea agreement and its ramifications, without understanding what he was doing, being told by his own attorney, "You know you are guilty","Don't get me killed" Mr. Weaver signed the agreement without adequate representation at his side, feeling pressured and coerced, he felt he had no other choice and gave up hope. He pled guilty to a count that, not only did he not fully understand, but he admitted to an enhancement that he is actually innocent of, and should never have been used. Prior to his plea he was told in order to have the plea he would have to answer all the courts questions and admit guilt to the 924(5) count.

## Sentencing - Combined proceeding for both Indictments:

(7)

8) Mr. Weaver was sentenced on both indictments in a combined proceeding on 2-2-21, more than one year after the plea (see exhibit A) <u>Sentencing Minutes</u>) During a court proceeding that should have caused alarm to all parties participating in it, Mr. Weaver was "cut" off the video without Mr. Weaver hearing the court informing him about his right to appeal his sentence, the court sentenced the petitioner to 360 months promised in the plea agreement. During the sentencing, Weaver being "cut" off the video, should have raised flags to everyone, but no one did anything to explore from Mr. Weaver himself why he did not or could not continue participation in his sentencing proceedings as a right.

9) When Mr. Weaver next heard from his prior counsel, he informed counsel to file his notice of Appeal, which counsel stated, "I will file your notice of appeal", "If you want me too, but it's no use they stayed inside your plea. Mr. Weaver also informed counsel that prison staff "cut" off the sentencing proceed because the lady was ready to go home he ask counsel can they do that? He counsel responded "I don't know, I will look into it".

The proceedings should have holted at that point when Mr. Weaver was "cut" off the video by prison staff at that point of sentencing and the sentencing should have been postponed with a view to resolving this critical issue as to why Mr. Weaver was not allow to continue to the end of his sentencing proceeding. Only after recieving his sentencing minutes. After his many request to his prior counsel and the courts for his case file and transcripts since may 21 2021 until August 23, 2022 is when he found out for the first time what happened after he was "cut" off by prison staff, of what was the final courts words, concerning sentencing.

(8)

As unnerving, counterproductive, and difficult as this can be, the issue must be resolved before proceeding forward with sentencing. Mr. Weaver prejudice by the court, counsel, and the prosecution proceeding forward without him, and not personally being advised by the court of his right to appeal his sentence.

## District of Maryland Standing Order 2019-06

(10) Mr. Weaver is unable to attain case file due to being sent to "Warden" of facility, being as I'm Mr. Weaver is on a lock-down facility he is unable to see such case file (see Attachment exhibit A-4)

(9)