UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CORTEZ WEAVER, | ) | Crim. No. RDB-19-0144 |
| | ) | (Civil Action No. RDB-23-1720) |
| *Defendant.* | ) | |
| | ) | |

**MOTION FOR AFFIDAVIT FROM DEFENSE COUNSEL AND POSTPONEMENT OF DEADLINE FOR RESPONDING TO DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF**

The government moves for an Order (1) finding that the defendant has waived his attorney-client privilege with regard to the matters that are the subject of the claims advanced in his § 2255 petition and (2) requiring the defendant's prior defense counsel to file an affidavit addressing the defendant's allegations. The government also asks the Court to postpone the government's deadline for responding to the defendant's petition until 60 days after defense counsel have submitted their affidavit. The grounds supporting this motion are further set forth below.

**FACTUAL BACKGROUND**

On June 23, 2023, defendant Cortez Weaver filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate and set aside his conviction and sentence. Weaver's petition contends that the respected defense counsel who represented him in this case – Assistant Federal Public Defender Maggie Grace and former AFPD Brendan Hurson (now a United States Magistrate Judge) – provided him with ineffective assistance of counsel in violation of the Sixth Amendment to the Constitution. More specifically,

Weaver alleges that Ms. Grace and Judge Hurson coerced him into pleading guilty, despite his protestations that he was "actually innocent"; that they failed to mount a challenge to the "jurisdiction of the court"; that they failed to object to the presentence report; that they failed to notify the Court that his video feed was disconnected during the course of his virtual sentencing hearing; and that they failed to note an appeal on his behalf, despite being instructed to do so.

Upon the receipt of the defendant's petition and the Court's initial order setting a response date, government counsel contacted Ms. Grace to determine whether she was willing to prepare an affidavit regarding Mr. Weaver's allegations. Ms. Grace responded her office will not prepare an affidavit absent a court order. Government counsel also contacted Judge Hurson, who indicated that Ms. Grace is in possession of the paper files pertaining to Weaver's case. Judge Hurson, like Ms. Grace, indicated that he will not prepare an affidavit absent a court order.

## ARGUMENT

It has been well-established for more than 125 years that "a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation," *Hunt v. Blackburn*, 128 U.S. 464, 470-71 (1888) – a "simple rule" that has become known to courts and commentators as "the fairness principle." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (en banc); *see also United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (the privilege may be implicitly waived when a defendant asserts a claim that in fairness requires examination of protected communications). Courts have recognized that fairness is implicated here because a party cannot be allowed to use the attorney-client privilege as both a sword and a shield, selectively disclosing only those aspects of the relationship that support his or her

position, while blocking the opposing party from access to the information it needs to develop the complete picture of what occurred, and also muzzling the party's former attorney so that he or she is not allowed to defend his or her actions and decisions. *Id.*

More specifically, in the criminal context, the federal courts have repeatedly emphasized that when a defendant claims that he or she received ineffective assistance of counsel, the defendant waives the attorney-client privilege with respect to all communications that are related to the quality of his or her counsel's assistance. *United States v. Pinson,* 584 F.3d 972, 977–78 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (petitioner's assertions of his counsel's ineffectiveness constitutes an implied waiver of the attorney-client privilege in federal habeas proceedings); *Bittaker,* 331 F.3d at 716 ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer," but also holding that such waiver should be limited based on the scope of the defendant's claims); *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel . . ., Johnson put at issue – and thereby waived – any privilege that might [have] appl[ied] to the contents of his conversations with those attorneys . . . ."); *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974) ("[Attorney–client] privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or

3

incompetence."). *See also Strickland v. Washington*, 466 U.S. 668, 691 (1984) (noting that inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's challenged litigation decisions).

Accordingly, Weaver has as a matter of law waived his attorney-client privilege with respect to all of his relevant communications with his counsel, as well as to any documents and attorney work product that are relevant to any of his allegations as set forth above. The government therefore requests that the Court enter the attached proposed order finding that the defendant's allegations in his habeas petition have impliedly waived his attorney-client privilege, and that defense counsel is therefore required to file an affidavit responding to Weaver's claims of ineffective assistance of counsel. This proposed order is substantially identical to the order entered by Judge Ellen L. Hollander in *Stokes v. United States*, Crim. No. ELH-316. *See* Ex. 1.

In light of the necessity to carry out the above procedures, which will potentially mean that defense counsel's affidavit will not be filed until late September, the Government further requests that it be granted an additional 60 days following the submission of defense counsel's affidavit to respond to Weaver's petition.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court find that the defendant has waived his attorney-client privilege with respect to the communications, documents and attorney work product necessary to prove or disprove the claims of ineffective assistance by his prior counsel that he advances in his Motion to Vacate, Set Aside or Correct Sentence. The government further requests that this Court issue the attached proposed Order requiring defense counsel to file an affidavit

addressing the defendant's claims and postponing the government's deadline for responding to the defendant's petition.

        Respectfully submitted,

        EREK L. BARRON
        UNITED STATES ATTORNEY

                /s/

        _____
        Peter J. Martinez
        Assistant United States Attorney
        36 South Charles Street, Fourth Floor
        Baltimore, Maryland 21201
        (410) 209-4835

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2023, a copy of the foregoing Government's Motion to Require the Defendant's Prior Counsel to Respond to Inquiries from the Government Relating to the Allegations of Ineffective Assistance of Counsel Advanced in Defendant's § 2255 Petition was electronically filed using CM/ECF, and a copy was sent by first class mail, postage prepaid, to Cortez Weaver, Prisoner # 64583-037, FCC Petersburg, P.O. Box 1000, Hazelton, West Virginia 26525.

/s/

_____
Peter J. Martinez
Assistant U.S. Attorney