## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | | Criminal Action No. RDB-19-144 |
| CORTEZ WEAVER, | * | Civil Action No. RDB-23-1720 |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM ORDER

On February 27, 2020, Petitioner Cortez Weaver pled guilty to one count of possessing, brandishing, and discharging of a firearm in furtherance of a drug trafficking crime, resulting in death, in violation of 18 U.S.C. §§ 924(j) and 924(c). (ECF No. 117.) His guilty plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) with an agreed range of sentence of 300 months to 360 months (25–30 years). After a delay in these proceedings as a result of the COVID-19 Pandemic, on February 2, 2021, this Court sentenced Weaver to 360 months imprisonment (30 years). (ECF No. 161.)

Presently pending is Weaver's *pro se* Motion to Vacate under 28 U.S.C. § 2255, filed on June 23, 2023, alleging ineffective assistance of counsel. (ECF No. 218.) In support of the pending motion, Mr. Weaver claims that despite a clear waiver of appeal in the plea agreement, he still requested his trial attorney to file an appeal, but that his trial attorney did not do so. (ECF No. 218-1 at 1.) The parties' submissions have been reviewed, and the Court conducted an evidentiary hearing on December 5, 2023. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth on the record and those that follow, Weaver's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 218) is DENIED.

1

## BACKGROUND

The facts of the underlying criminal case were stipulated in Petitioner's plea agreement. (ECF No. 117 at 10–12.) On March 20, 2019, Petitioner was indicted with three co-defendants for conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (ECF No. 12.) On August 28, 2019, Weaver was charged under a four-count superseding indictment that added a count for possession of a firearm in furtherance of a drug trafficking crime, resulting in death, in violation of 18 U.S.C. § 924(j). (ECF No. 71.)

On February 27, 2020, pursuant to Fed. R. Crim. P. 11(c)(1)(C), Weaver pled guilty to Count Two of the Superseding Indictment, alleging Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Resulting in Death in violation of 18 U.S.C. §§ 924(c) and (j). (ECF No. 117.) Specifically, in the agreed statement of facts, Weaver acknowledged that he had shot a rival gang member in the head at close range with a .40 caliber handgun. On February 2, 2021, this Court sentenced Weaver to a sentence of 360 months incarceration on Count Two of the Superseding Indictment, which was at the top of the agreed-upon range of 300 to 360 months. (ECF Nos. 117, 161.)  Judgment was issued on February 4, 2021. (ECF No. 163.)

After a delay of well over two years, on June 23, 2023, Petitioner filed the instant *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 218). In his Motion, Petitioner claims that he asked his attorney to file an appeal within fourteen days of the sentencing hearing. (ECF 218-1 at 1.) He contends that his attorney failed to comply with this request,

depriving him of the opportunity to appeal. (*Id.*) Within two weeks of the Petitioner's filing of that motion, this Court issued an order directing the Government to file a response. (ECF 219.) In its Response, the Government contends that the petition is untimely and without merit. (ECF No. 232.)

On October 5, 2023, this Court issued a Letter Order scheduling an evidentiary hearing to determine whether Mr. Weaver asked his trial counsel to file an appeal, pursuant to *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). (ECF No. 234.) The evidentiary hearing was conducted on December 5, 2023, and testimony was presented by Weaver's trial counsel, the Assistant Federal Public Defender, denying that Weaver ever requested that an appeal be filed in this case. (ECF No. 235).

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255

3

motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

## ANALYSIS

A freestanding ineffective assistance of counsel claim may be properly asserted for the first time in a § 2255 motion. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To establish a 28 U.S.C. § 2255 claim based on a Sixth Amendment claim of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the petitioner to show (1) "that counsel's performance was deficient;" and (2) "that the deficient performance prejudiced the defnese." 466 U.S. at 678; *accord United States v. Rangel*, 781 F.3d 736, 742 (4th Cir. 2015); *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013). The "performance" prong requires the petitioner to show that counsel's performance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688; *see also United States v. Roane*, 378 F.3d 382, 404–05 (4th Cir. 2004) (holding that "the standard of reasonableness is highly deferential" (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986))). The "prejudice" prong requires the petitioner to show that counsel's errors deprived him of a fair trial. *Strickland*, 466 U.S. at 687; *accord Mahdi v. Stirling*, 20 F.4th 846, 894 (4th Cir. 2021) (holding that petitioner must establish a "reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different" (quoting *Strickland*, 466 U.S. at 694)).[1]

A petition under 28 U.S.C. § 2255 must be filed within one year of the date on which (1) the judgment of conviction became final; (2) the government stopped acting unlawfully to prevent the petitioner from filing; (3) a retroactive right was initially recognized by the Supreme Court; or (4) facts supporting the claim could have been discovered through due diligence. 28 U.S.C. § 2255(f). Weaver's petition is clearly untimely, as it was not filed until June 23, 2023, more than a year after the deadline of February 16, 2022. While Weaver makes some suggestion of the COVID pandemic warranting equitable tolling, the petition is clearly untimely and can be denied on that basis alone.

Even if the petition were timely, however, it lacks merit. The Supreme Court has held that an attorney's failure to file a notice of appeal at a client's explicit request constitutes ineffective assistance of counsel regardless of whether the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Having heard testimony of Assistant Federal Public Defender Maggie Grace, the Court finds that there is absolutely no evidence to suggest that he unequivocally requested that his counsel file an appeal post-sentencing. *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Indeed, the record reflects that the Assistant Federal Public Defender informed him of his right to appeal on February 8, 2021. (ECF Nos. 165, 231.) Furthermore, the correspondence with the Office of the Federal Public Defender

---

[1] A petitioner faces a greater burden to establish prejudice when he alleges ineffective assistance of counsel after signing a plea agreement. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In such a case, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

filed by Weaver clearly reflects that there was never any discussion of the filing of an appeal. (ECF 218-2.) Indeed, that correspondence supports the testimony of the Assistant Federal Public Defender that certain matters were discussed with Weaver, none of which related to a request to file an appeal. At the December 5, 2023 hearing, Petitioner did not present any evidence to the contrary other than his own bald assertions, which are contradicted by the above-noted correspondence from May 2021 to August 2022.

Moreover, the Court, having conducted an evidentiary hearing, specifically finds that Mr. Weaver is not credible with regard to his claim of requesting an appeal. Furthermore, his belated claims of actual innocence fly in the face of his apology to the victim's family, which he made in open court at the time of his sentencing on February 2, 2021. *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Therefore, even if the petition were timely, Petitioner has no basis for an ineffective assistance of counsel claim. As such, for the reasons set forth on the record and those above, Petitioner is entitled to no relief under 28 U.S.C. § 2255, and his Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 218) is DENIED.

## CERTIFICATE OF APPEALABILITY DENIED

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable

jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Reasonable jurists would not find Petitioner's claims debatable. Accordingly, a certificate of appealability is DENIED.

**CONCLUSION**

For the reasons stated above, it is hereby ORDERED this 6th day of December, 2023, that:

1. Petitioner Cortez Weaver's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 218) is DENIED;

2. A Certificate of Appealability shall not issue and is DENIED;

3. The Clerk of the Court shall send copies of this Memorandum Order to the Petitioner and Counsel of record; and

4. The Clerk of this Court shall CLOSE the civil case (Civil Action No. RDB-23-1720).

                                         /s/

Richard D. Bennett
United States Senior District Judge

8